| | |
|---|---|
| H. STAN JOHNSON, ESQ.<br>Nevada Bar No. 0265<br>COHEN, JOHNSON & DAY<br>6293 Dean Martin Drive, Ste. G<br>Las Vegas, NV 89118<br>(702) 220-7050<br>Attorneys for Debtors | E-Filed on March 20, 2009 |

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| In Re: | ) | Case No. 08-23547-lbr |
| | ) | Chapter 13 |
| MICKEY D. PHILLIPS II and GAIL A. PHILLIPS, | ) ) | |
| | ) | Hearing Date:  4/23/09 |
| Debtors. | ) | Hearing Time:  3:30 p.m. |
| | ) | |

**MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF PSD INC. PURSUANT TO 11 U.S.C. 506(a) AND 1322**

Now Comes, MICKEY D. PHILLIPS II and GAIL A. PHILLIPS (hereinafter the "Debtors"), by and through their attorney, H. STAN JOHNSON, ESQ. of COHEN JOHNSON & DAY, and move this Court pursuant to 11 U.S.C. 506(a), and 1322, and Bankruptcy Rules 3012 and 9014 and states:

**JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334 and 28 U.S.C. 157.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF FACTS**

1. On November 14, 2008, Debtors filed a Voluntary Petition under Chapter 13, Title 11, of the United States Code, case number 08-23799-MKN.

2. In their petition, Debtors listed their home which is located at 4443 El Como Way, Las Vegas, Nevada 89121 (hereinafter referred to as "home"), with a value of $200,500, and a mortgage balance totaling $208,800.00.

1  3.   However, upon further investigation and an actual appraisal, the home is valued at $162,500.  (See Appraisal of John L. Green attached hereto as Exhibit 1).

4.   At the time of filing, the home was encumbered by a first mortgage with America's Servicing Company (hereinafter referred to as "ASC").  That mortgage has a balance of $208,800.  (See Proof of Claim filed by ASC dated Novemnber 21, 2008 attached herein as Exhibit 2).

5.   On the petition date, Debtors owed money to US Bank National Association (herein referred to as "US Bank") as a second lien on the home, identified in Schedule F in Debtors' petition.

6.   On the petition date, Debtors owed money to GE Money/Greentree (herein referred to as "Greentree") as a third lien on the home, identified in Schedule F in Debtors' petition.

7.   On the petition date, Debtors owed money to Household Finance Realty Corporation of Nevada (herein referred to as "HFC") as a fourth lien on the home, identified in Schedule F in Debtors' petition.

6.   Based upon a secured claim filed by US Bank, claim number 6-1, attached hereto and marked as Exhibit 3, thereby claiming that said creditor is actually line of secured creditor, behaving as a second mortgage.

7.   Based upon a secured claim filed by Greentree, claim number 3-1, attached hereto and marked as Exhibit 4, thereby claiming that said creditor is actually line of secured creditor, behaving as a third mortgage.

8.   Based upon a secured claim filed by HFC, claim number 4-1, attached hereto and marked as Exhibit 5, thereby claiming that said creditor is actually line of secured creditor, behaving as a fourth mortgage.

7.   Based on the appraisal (Exhibit 1), the home value of $162,500, less the first mortgage balance of $208,800, results in negative equity, or <u>no</u> equity upon which the First Franklin's second claim could attach.  (See Exhibits 1 through 3)

8.   US Bank's, Greentree's and HFC's claims are wholly unsecured and if the home was sold at auction Creditors would receive nothing.

9.   Accordingly, the Debtors request that this Court find that the claims US Bank, Greentree and HFC are unsecured and should be reclassified as a general unsecured claim to receive pro rata with other general unsecured creditors through the Debtors' Chapter 13 plan.

## II.

## LEGAL ARGUMENT

In *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002), the Court stated that a wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to

11.U.S.C. 506(a), despite the anti-modification language in 1322(b)(2).  Specifically, the Court held:

> Section 506(a) divides creditors' clams into "secured...claims" and "unsecured claims".  Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the debtor's property, 506(a) makes clear that the status of a claim depends on the valuation of the property.  And allowed claim of a creditor secured by a lien of property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property .. And is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.
> ...
> To put it more simply, a claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it.  Under the Bankruptcy Code, "secured claim" is thus a term of art; not every claim that is secured by a lien on property will be considered a "secured claim."  Here, it is plain that PSB Lending's claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house.

Accordingly, since the claims of US Bank, Greentree and HFC are wholly unsecured (in that there is no extant equity above the first mortgage in the home), this Court should reclassify said claims to a general unsecured claim to receive pro rata with like unsecured creditor.  The claims US Bank, Greentree and HFC should also be stripped of its secured rights under State law since no maintainable security interest in the subject property exists.

Further, the Debtors are not required to file an adversary proceeding to achieve the requested relief herein.  Debtors my bring a motion to "stip off" US Bank, Greentree and HFC consensual liens by motion.  See *In re Williams*, 166 B.R. 615 (Bankr.E.D.Va.1994), *In re Fuller*, 255 B.R. 300 (Bankr.W.D.Mich.2000), *In re Hoskins,* 262 B.R. 693 (Bankr.E.D.Mich.2001), *In re King,* 209 B.R. 641 (Bankr.C.D.Ill.2003), *In re Millspaugh*, 302 B.R. 90 (Bankr.D.Idano 2003), *Dickey v. Ben. Fin. (In re Dickey)* 293 B.R. 360 (Bankr.M.D.Pa.2003), *In re Hill*, 304 B.R. 800 (Bankr.W.D.N.Y.2003), *In re Robert,* 313 B.R. 45 (*Bankr.N.D.N.Y.2004*)*, In re Bennett, 312* B.R. 843 (Bankr.W.D.Ky.2004).

**CONCLUSION**

WHEREFORE, Debtor prays as follows:

1. Find that US Bank, Greentree and HFC are not a holders of secured liens on the home;

2. Immediately avoid, "Strip Off", cancel and extinguish US Bank, Greentree and HFC" wholly unsecured claims/liens from the home pursuant to 11 U.S.C. Section 506(a);

3. Reclassify US Bank, Greentree and HFC lien claims as a general unsecured claim to be paid pro rata with other general unsecured creditors through the debtor's Chapter 13 plan;

4. Such relief the Court finds appropriate.

DATED this 20th day of March, 2009.

                COHEN, JOHNSON & DAY

By:    /s/ H. Stan Johnson
      H. STAN JOHNSON, ESQ
      Nevada Bar No. 0265
      6293 Dean Martin Drive, Ste. G
      Las Vegas, NV 89118
      Attorneys for Debtors