1  H. STAN JOHNSON, ESQ.
   Nevada Bar No. 0265
2  COHEN, JOHNSON & DAY
   6293 Dean Martin Drive, Ste. G
3  Las Vegas, NV 89118
   (702) 823-3500
4  Attorneys for Debtors

5

6                    UNITED STATES BANKRUPTCY COURT

7                          DISTRICT OF NEVADA

8

9  In Re:                          )    Case No. 08-23547-lbr
                                   )    Chapter 13
10  MICKEY D. PHILLIPS II and GAIL A.  )
    PHILLIPS,                      )
11                                  )
                                   )    Hearing Date:    5/12/10
12           Debtors.              )    Hearing Time:    10:30 a.m.
    _____       )
13

14      OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

15      Debtors, MICKEY D. PHILLIPS II and GAIL A. PHILLIPS, by and through their counsel of

16  record, COHEN JOHNSON & DAY, hereby files this opposition to the Motion of the Movant, U.S.

17  Bank National Association, for relief from the Automatic Bankruptcy Stay.  This Opposition is made

18  and based upon 11 U.S.C. 105, 362 and Bankruptcy Rule 7065, the following Points and Authorities

19  and any oral argument heard at the time of the hearing.

20              MEMORANDUM OF POINTS AND AUTHORITIES

21                                  I.

22                     BRIEF STATEMENT OF FACTS

23

24      1.      Debtors filed their voluntary Chapter 13 on November 14, 2008.

25      2.      There exists a Deed of Trust in favor of Movant, for the purchase of residential

26  property.

27

28
   U:\CJD\Master\132808\100423 Opp to Motion to lift stay.wpd

*(left margin, vertical text)* COHEN, JOHNSON & DAY  6293 Dean Martin Drive, Ste. G  Las Vegas, NV 89118  (702) 823-3500

3.      Movant's Motion requests that the automatic stay be lifted in order to permit Movant to foreclose on the subject property.

4.      The principal balance of the note at the time of this motion is approximately $208,800.00.

5.      Movant has claimed that Debtors are in default of the loans terms by failing to remit payments for the months of February, march and April, 2010, in the total principal amount of $3,172.26 including associated costs.

6.      As this Court is aware the Debtor's Chapter 13 Plan ("Plan") was confirmed on December 16, 2009. (See Order Confirming Plan #2 dated December 16, 2009, attached herein as Exhibit 1) This Plan included post-petition arrearages in the amount of $2,784.60 to be paid to America's Servicing Company ("ASC") as servicer to U.S. Bank.

7.      On or about January 1, 2010 Debtors received a statement from ASC stating that their next payment would be $1,874.67. Debtors believing that this payment was due to an interest rate adjustment made the payment. (See Payment History dated January 13, 2010 attached herein as Exhibit 2)

8.      Debtors were in disbelief that their payment could be raised by approximately $500.00 and therefore contacted ASC to discuss why the payment was in far excess of the ordinary payment. On or about February 15, 2010 Debtors contacted ASC and inquired as why their payment had been raised. The representative from ASC stated that ASC had placed them in a forbearance program and post-petition arrearages of approximately $2,784.60 would be spread over the course of six months.

9.      Debtors advised ASC of this gross error through correspondence dated February 22, 2010. (See correspondence attached herein as Exhibit 3) Said correspondence memorialized the unilateral and erroneous action of ASC and requested that the matter be rectified to prevent the

unnecessary filing of an anticipated motion to lift stay.

10.    Rather than rectify their ill-actions, ASC filed a Motion to Lift Stay on April 9, 2010, which erroneously claims that three monthly payments of $1,874.67 have been missed.  This amount includes the ordinary payment of $1,390.88 plus the post-petition arrearages included in the Plan which ASC has unilateral attempted to dictate should be repaid over six months.

11.    The unilateral action of ASC in placing Debtors in a forbearance plan is in violation of the terms of the Plan.  Furthermore, ASC cannot take such unilateral action at its own discretion and such action is a violation of the automatic stay.

12.    Furthermore, Debtors have remained current with their secured obligations to U.S. Bank.  (See evidence of payments to ASC for the months of: November, 2009; December, 2009; February, 2010; March, 2010; and April, 2010; attached herein as Exhibit 4)

13.    Debtors further request that U.S. Bank and ASC be sanctioned and that Debtors be awarded reasonable attorneys fees and costs for having to defend this matter which has in fact been caused by ASC's unilateral action.  Furthermore this unnecessary action could have been prevented after Debtors informed ASC of the error.

14.    As Debtors are current with the payments due to the secured creditor, there exists no cause to grant the relief requested by Movant to lift the automatic stay, and the issue is moot.

## II.

## POINTS AND AUTHORITIES

Procedurally, a lift-stay movant has the burden to establish prima facie facts entitling it to relief. See, In re Elmore, 94 B.R. 670 (Bankr. C.D. Cal. 1988). To establish these prima facie facts, the moving creditor must demonstrate the following:

1.  The Debtor owes the obligation to the Creditor;

2. There is a valid security interest from which relief from the stay may be sought; or

3. "Cause" justifying relief from the stay.

In re Kin, 71 B.R. 1011, 1015 (Banta_ C.D.Cal. 1987).

In the foregoing matter there exists no cause to lift the automatic stay since the Debtors are current with the obligation owed to Movant.  Since the Debtors are current on the secured obligation Movant has failed to establish a prima facie case against Debtors.  U.S. Bank's claim that Debtors are behind in the secured payments is an error on their part, which was caused by ASC's unjustified unilateral action in defiance of the Plan and the automatic stay.

The Bankruptcy Code provides for relief from the automatic stay:

(1) For cause, including the lack of adequate protection of an interest in property of such party in interest; 11 U.S.C. §362(d)(1).

The term "adequate protection" is not expressly defined in the Bankruptcy Code.  However, §361 of the Code sets forth three non-exclusive examples of what may constitute adequate protection:

1. Periodic cash payments;

2. An additional replacement lien; or

3. Such other relief as will result in the realization by the creditor of the indubitable equivalent of its interest in the property.

It is clear in the instant case that Movant, through its servicer, has continued to receive the periodic cash payments which they are entitled to under the terms of note and deed of trust.  In fact, as stated previously, Debtors are current with the secured obligation.  Thus Movant is not entitled to have the automatic stay lifted with respect to the real property at issue.

Furthermore, Bankruptcy Code §362(g)(1) states:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

**(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property** ... (Emphasis Added)

In this matter, Movant has attempted to establish the value of the real property by using the claimed value listed on the Debtor's Schedule A. Obviously, Debtors are not appraisers of real property and their best estimation as to what the property is valued at does not carry the burden of proof in favor of Movant. In light of Movant's failure of carrying the burden of proof, established by §362(g)(1), as to Debtor's equity or shortfall the request for relief must be denied. In any event the issue is moot since Debtors have made the required periodic payments to Movant.

### CONCLUSION

Based upon the foregoing, Movant is not entitled to an order terminating the automatic stay. The debtor respectfully requests that the Court determine that Movant is adequately protected due to Debtors being current with their secured obligations and deny Movant request to terminate the automatic stay, as this matter is moot. Debtors further request that U.S. Bank and ASC be sanctioned for their unilateral action causing this unnecessary matter and that they be awarded attorneys fees and costs for defending this unnecessary action.

DATED this _23rd_ day of April, 2010.

CJD LAW GROUP, LLC


By:     _/s/ H. Stan Johnson_
        H. Stan Johnson, Esq.
        Nevada Bar No. 0276
        6293 Dean Martin Drive, Ste. G
        Las Vegas, NV 89118
        Attorneys for Debtor

# CERTIFICATE OF SERVICE

1. I served the following document(s):

    a.    **OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

2. I served the above-named document(s) by the following means to the persons as listed below:

☒    a.    **By ECF System on April 23, 2010:**

H STAN JOHNSON on behalf of Debtor MICKEY PHILLIPS
sjohnson@cjdnv.com, cjbarnabi@cjdnv.com;sbiondo@cjdlawgroup.com

KATHLEEN A. LEAVITT
courtsecf3@las13.com

GREGORY L. WILDE on behalf of Creditor AMERICA'S SERVICING COMPANY
bk@wildelaw.com

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on: April 23, 2010

Charles Barnabi                   */s/Charles Barnabi* _____
(Name of Declarant)                (Signature of Declarant)

# EXHIBIT 1



Entered on Docket
December 16, 2009

_____
Hon. Linda B. Riegle
United States Bankruptcy Judge

KATHLEEN A. LEAVITT
CHAPTER 13 BANKRUPTCY TRUSTEE
201 Las Vegas Blvd South, Suite 200
Las Vegas, NV 89101
(702) 853-0700
kal13mail@las13.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

CHAPTER 13
CASE NO: BKS-08-23547-LBR

IN RE:
MICKEY D PHILLIPS II
GAIL A PHILLIPS

Hearing Date:  November 5, 2009
Hearing Time: 1:30 pm

## ORDER CONFIRMING THE DEBTOR(S) PLAN # _2_ and AWARDING
## FEES TO THE DEBTOR(S) ATTORNEY

The confirmation of the Debtor's Plan and the allowance of Debtor attorney fees, having come on for hearing before the United States Bankruptcy Court, and there appearing the Chapter 13 Trustee or designee and other appearances were_____
_____and with good cause appearing, it is hereby

ORDERED that any Objections to Confirmation have been resolved, and it is further

ORDERED that the Court finds that Debtor(s) have filed all documentation required by 11 U.S.C. § 521(a)(1) and the requirements for Confirmation pursuant to 11 U.S.C § 1325 have been met; and it is further

ORDERED that the CHAPTER 13 PLAN # _2_, attached hereto, is confirmed; it is further

ORDERED that, pursuant to 11 U.S.C. § 330, the fees in the amount of $3,750.00 of which $294.00 was paid to such attorney prior to the filing of the petition and the balance of $3,456.00 which shall be paid by the Trustee pursuant to the Plan, shall be ☒ approved, or ☐ approved after a separate notice and hearing.

Submitted by:                                              Approved/Disapproved:

/s/Kathleen A. Leavitt
CHAPTER 13 BANKRUPTCY TRUSTEE

_____
COHEN JOHNSON & DAY
3695 West Flamingo Road
Las Vegas, NV 89103

Rev 12/8/2006

Case 08-23547-lbr   Doc 72   Entered 04/23/10 17:13:17   Page 9 of 31
Case 08-23547-lbr   Doc 62   Entered 12/18/09 22:57:42   Page 2 of 11
Case 08-23547-lbr   Doc 58   Entered 10/05/09 11:22:45   Page 1 of 8

| | |
|---|---|
| Debtor Attorney | H. Stan Johnson |
| Nevada Bar no. | 265 |
| Attorney Firm Name | Cohen, Johnson & Day |
| Address | 6293 Dean Martin Drive, Ste. G |
| City, State Zip Code | Las Vegas, NV 89118 |
| Phone # | (702) 823-3500 |
| Pro Se Debtor | |

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

In re: )  BK - S - 08-23547

Debtor:  MICKEY D. PHILLIPS  )  Judge:  LBR   Trustee:  Leavitt

Last four digits of Soc. Sec. No:  9033  )  CHAPTER 13 PLAN #  2

) Plan Modification  ◉ N/A  ○ Before Confirmation  ○ After Confirmation

Joint Debtor:  GAIL A. PHILLIPS  )  Pre-Confirmation Meeting:

Last four digits of Soc. Sec. No:  2952  )  Date:  11/5/2009  Time:  8:30 AM

) Confirmation Hearing

)  Date:  11/5/2009  Time:  1:30 PM

### CHAPTER 13 PLAN WITH DETERMINATION
### OF INTEREST RATES AND PLAN SUMMARY
☐ MOTION(S) TO VALUE COLLATERAL     ☐ MOTION(S) TO AVOID LIENS
[Check if motion(s) will be filed]

YOU ARE HEREBY NOTIFIED THAT THIS PLAN AND THESE MOTIONS, IF APPLICABLE, WILL BE CONSIDERED FOR APPROVAL AT THE CONFIRMATION HEARING DATE SET FORTH ABOVE. THE FILING AND SERVING OF WRITTEN OBJECTIONS TO THE PLAN AND MOTIONS SHALL BE MADE IN ACCORDANCE WITH BR 3015(f) & 9014 AND LR 9014(e).

DEBTOR PROPOSES THE FOLLOWING CHAPTER 13 PLAN WITH DETERMINATION OF INTEREST RATES WHICH SHALL BE EFFECTIVE FROM THE DATE IT IS CONFIRMED.

**Section I. Commitment Period and Calculation of Disposable Income, Plan Payments, and Eligibility to Receive Discharge**

**1.01 Means Test** - Debtor has completed Form B22C – Statement of Current Monthly income and Calculation of Commitment Period and Disposable Income.

**1.02 Commitment Period** - The applicable commitment period is  ○ 3 Years or  ◉ 5 Years.   Monthly payments must continue for the entire commitment period unless all allowed unsecured claims are paid in full in a shorter period of time, pursuant to §1325(b)(4)(B). If the applicable commitment period is 3 years, Debtor may make monthly payments beyond the commitment period as necessary to complete this plan, but in no event shall monthly payments continue for more than 60 months.

**1.03 Commitment Period and Disposable Income**
☐ The Debtor is under median income.     ☑ The Debtor is over median income.
The debtor has calculated that the monthly disposable income of  $250.00  multiplied by the Applicable Commitment Period of 60 months equals  $15,000.00  which shall be paid first to debtor's attorney fees with the balance to be paid to general non-priority unsecured creditors.

**1.04 Liquidation Value Pursuant to §1325(a)(4)**
Liquidation value is calculated as the value of all excess non-exempt property after the deduction of valid liens and encumbrances and before the deduction of trustee fees and priority claims.  The liquidation value of this estate is:     $ —  .   The liquidation value is derived from the following non-exempt assets (describe assets):

**1.05 Projected Disposable Income** - The Debtor(s)  does not  propose to pay all projected disposable income for the applicable commitment period pursuant to §1325(b)(1)(B).

**1.06** The Debtor(s) shall pay the greater of disposable income as stated in 1.03 or liquidation value as stated in 1.04.

**1.07 Future Earnings** - The future earnings of Debtor shall be submitted to the supervision and control of Trustee as is necessary for the execution of the plan.

[Eff. 10/17/05  Rev. 4/1/07]

**1.08 MONTHLY PAYMENTS:**

a. Debtor shall pay to the Trustee the sum of   $180.00   for   10   (# of months) commencing   12/15/08 . Totaling   $1,800.00

b. Monthly payments shall increase or decrease as set forth below:

| | | | | |
|---|---|---|---|---|
| The sum of | $293.35 | for | 50 (# of months) commencing | 10/15/09 . Totaling   $14,667.50 |
| The sum of | $0.00 | for | 0 (# of months) commencing | mm/dd/yy . Totaling   $0.00 |
| The sum of | $0.00 | for | 0 (# of months) commencing | mm/dd/yy . Totaling   $0.00 |

**1.09 OTHER PAYMENTS** - In addition to the submission of future earnings, Debtor will make non-monthly payment(s) derived from property of the bankruptcy estate or property of Debtor, or from other sources, as follows:

| Amount of payment | Date | Source of payment |
|---|---|---|
| $ 3630.00 | mm/yy | 2008 Tax Refund |
| $ - | mm/yy | |
| $ - | mm/yy | |
| $ - | mm/yy | |

$ 19,997.50  ~~$16,467.50~~

**1.10 TOTAL OF ALL PLAN PAYMENTS INCLUDING TRUSTEE FEES =**   ~~#1999~~

**1.11 Trustees fees** have been calculated at 10% of all plan payments which totals =   ~~$1,646.75~~   This amount is included in 1.10 above.

**1.12 Tax Refunds** - Debtor shall turn over to the Trustee and pay into the plan annual tax refunds for the tax years:   2008   2009   2010   2011   2012

**1.13 ELECTION TO PAY 100% OF ALL FILED AND ALLOWED GENERAL NON-PRIORITY UNSECURED CLAIMS**

a. ☐   100% of all filed and allowed non-priority unsecured claims shall be paid by Trustee pursuant to this Plan.

b. ☐   General unsecured creditors will be paid interest at the rate of ☐ ____ % . [Check this box and insert the present value rate of interest - if debtors estate is solvent under §1325(a)(4).]

**1.14 Statement of Eligibility to Receive Discharge**

a. Debtor,   MICKEY D. PHILLIPS   is eligible to receive a Chapter 13 discharge pursuant to §1328 upon completion of all plan obligations.

b. Joint Debtor   GAIL A. PHILLIPS   is not eligible to receive a Chapter 13 discharge pursuant to §1328 upon completion of all plan obligations.

### Section II. Claims and Expenses

**A. Proofs of Claim**

**2.01** A Proof of Claim must be timely filed by or on behalf of a priority or general non-priority unsecured creditor before a claim will be paid pursuant to this plan.

**2.02** A CLASS 2A  Secured Real Estate Mortgage Creditor shall be paid all post-petition payments as they become due whether or not a Proof of Claim is filed. The CLASS 2B secured real estate mortgage creditor shall not receive any payments on pre-petition claims unless a Proof of Claim has been filed.

**2.03** A secured creditor may file a Proof of Claim at any time. A CLASS 3 or CLASS 4 secured creditor must file a Proof of Claim before the claim will be paid pursuant to this Plan.

**2.04** Notwithstanding Section 2.01 and 2.03, monthly contract installments falling due after the filing of the petition shall be paid to each holder of a CLASS 1 and CLASS 6 secured claim whether or not a proof of claim is filed or the plan is confirmed.

**2.05** Pursuant to §507(a)(1), payments on domestic support obligations (DSO) and payments on loans from retirement or thrift savings plans described in §362(b)(19) falling due after the filing of the petition shall be paid by Debtor directly to the person or entity entitled to receive such payments whether or not a proof of claim is filed or the plan is confirmed, unless agreed otherwise.

**2.06** A Proof of Claim, not this plan or the schedules, shall determine the amount and the classification of a claim. Pursuant to §502(a) such claim or interest is deemed allowed unless objected to and the Court determines otherwise.

**a. Claims provided for by the plan** - If a claim is provided for by this plan and a Proof of Claim is filed, payments shall be based upon the claim unless the Court enters a separate Order otherwise determining (i) value of the creditors collateral; (ii) rate of interest; (iii) avoidance of a lien;  (iv) amount of claim or (v) classification of a claim. If interest is required to be paid on a claim, the interest rate shall be paid in accordance with the Order Confirming Chapter 13 Plan or such other Order of the Court which establishes the rate of interest.

**b. Claims not provided for by the plan** - If a claim is not provided for by this plan and a Proof of Claim is filed, no payment will be made to the claimant by the Trustee or the Debtor until such time as the Debtor modifies the plan to provide for payment of the claim. Such claim or interest is deemed allowed unless objected to and the Court determines otherwise. If no action is taken by the Debtor, the Trustee may file a Motion to Dismiss the case or a Trustee's Modified Plan.

**B. Fees and Administrative Expenses**

**2.07 Trustee's fees** - Trustee fees shall be calculated at 10% of payments made under the Plan, whether made before or after confirmation, but excluding payments made directly by Debtor, as provided for by the plan, to CLASS 1, CLASS 2, or CLASS 6 creditors or pursuant to an executory contract or unexpired

[Eff. 10/17/05  Rev. 4/1/07]

Case 08-23547-lbr    Doc 72    Entered 04/23/10 17:13:17    Page 11 of 31
Case 08-23547-lbr    Doc 62    Entered 12/18/09 22:57:42    Page 4 of 11
Case 08-23547-lbr    Doc 58    Entered 10/05/09 11:22:45    Page 3 of 8

lease.

**2.08 Compensation of Former Chapter 7 Trustee** - Payment of compensation of the type described in §1326(b)(3) shall be limited to the greater of $25, or 5% of the amount payable to non-priority unsecured creditors divided by the length of the plan, each month for the duration of the plan.

| Trustee's Name | Compensation |
|---|---|
| | |

**2.09 Administrative expenses other than Trustee's fees and Debtor's attorney's fees** - Except to the extent the claimant agrees to accept less, and unless §1326(b)(3)(B) is applicable, approved administrative expenses other than Trustee's fees and Debtor's attorney's fees shall be paid in full.

| Creditor's Name | Services Provided | Amount Owed |
|---|---|---|
| | | $      - |
| | | $      - |
| | | $      - |
| | | $      - |
| | | $      - |

**2.10 Administrative Expenses - DEBTOR'S ATTORNEY'S FEES** - The Debtor's attorney's fees, costs, and filing fees in this case through Confirmation of the plan shall be ___$3,750.00___ . The sum of ___$294.00___ has been paid to the attorney prior to the filing of the petition. The balance of ___$3,456.00___ shall be paid through the plan. If fees and costs stated above are in excess of 16 Hours X ___$280.00___ (Insert Attorney's Billable Hourly Rate) + ___$ -___ (Filing Fee) + ___$ -___ (Costs) = ___$4,480.00___ (TOTAL), such fees and costs must be approved by the Court. However, all fees are subject to review and approval by the Court. The attorney's fees paid through the plan shall be paid (check one) ⦿ In accordance with Section 4.02 or ◯ a monthly payment of ___$ -___ commencing ___mm/yy___ . It is contemplated that the Debtor(s) will continue to utilize the services of their attorney through the completion of the plan or until the attorney is relieved by Order of the Court. Debtor may incur additional attorney's fees post-confirmation estimated in the amount of ___$ -___ . Such additional estimated attorney's fees are included in this plan for payment by the Trustee and do not render the plan infeasible. Any additional attorney's fees and costs after confirmation must be paid through the plan after approval of the Court. [Trustee Pays]

## C. Secured Claims

**2.11 CLASS 1** - **Secured claims for real estate loans and/or real property taxes that were current when the petition was filed** - At the time of the filing of the petition, Debtor was current on all CLASS 1 claims. Debtor shall pay the ongoing contract installment payment on each CLASS 1 claim for real estate loans and/or real property taxes due after the filing of the petition as listed below.  [Debtor Pays]

| Creditor's Name / Collateral Description | Installment Payment | Interest Rate | Maturity Date |
|---|---|---|---|
| | | 0.00% | mm/yyyy |
| | $ | 0.00% | mm/yyyy |
| | $ | 0.00% | mm/yyyy |
| | $ | 0.00% | mm/yyyy |
| | $ | 0.00% | mm/yyyy |

**2.12 CLASS 2** - **Secured claims for real estate loans and/or real property taxes, HOA fees, and Public Utilities that were delinquent when the petition was filed** - The monthly contract installment payment on each CLASS 2A claim for real estate loans due after filing of the petition shall be paid as designated below. The Debtor shall pay directly all post-petition contract installment payments on claims as they come due. The Trustee shall pay all CLASS 2C pre-petition arrearage claim for real estate taxes prior to CLASS 2B payment on pre-petition arrearage claims on real estate loans. CLASS 2 claims are not modified by this plan and the creditor shall retain its existing lien until paid in full.

**2.12.1 CLASS 2A** - **Secured Real Estate Mortgage - Post Petition monthly contract installment payments**
Post-Petition monthly contract installment payments shall be paid by the Trustee or Debtor as designated below.  If the Trustee is designated than: (a) the Trustee shall make monthly post-petition contract installment payments on claims as they come due. (b) The first monthly contract installment payment due after the filing of the petition shall be treated and paid in the same manner as a pre-petition arrearage claim unless agreed otherwise. (c) If Debtor makes a partial plan payment that is insufficient to pay all monthly contract installment payments due, these installments will be paid in the order listed below. (d) Trustee will not make a partial payment on a monthly contract installment payment.  (e) If Debtor makes a partial plan payment, or if it is not paid on time and Trustee is unable to pay timely a monthly contract installment payment due on a CLASS 2A claim.  The Debtor's cure of this default must be accompanied by any applicable late charge. (f) Upon receipt, Debtor shall mail or deliver to Trustee all notices from CLASS 2A creditors including, without limitation, statements, payment coupons, impound and escrow notices, default notifications, and notices concerning changes of the interest rate on variable interest rate loans. The automatic stay is modified to permit the sending of such notices. Prior to mailing or delivering any such notice to the Trustee, Debtor shall affix the Chapter 13 case number to it. If any such notice informs Debtor that the amount of the monthly contract installment payment has increased or decreased, Debtor shall increase or decrease, as necessary, the plan payment to the Trustee without modification of this plan.

| Creditor's Name / Collateral Description | Installment Payment | Interest Rate | Maturity Date | Post-petition Payments Paid By: | If Trustee, # of Months through Plan |
|---|---|---|---|---|---|
| America's Servicing Company/Debtors' Residence | $      1,519.29 | 0.00% | mm/yyyy | Debtor | 60 |
| | $      - | 0.00% | mm/yyyy | Trustee | 60 |

[Eff. 10/17/05  Rev. 4/1/07]

Case 08-23547-lbr    Doc 72    Entered 04/23/10 13:13:17    Page 12 of 31
Case 08-23547-lbr    Doc 62    Entered 12/18/09 22:37:42    Page 5 of 11
Case 08-23547-lbr    Doc 58    Entered 10/05/09 11:22:45    Page 4 of 8

| | $ | - | 0.00% | mm/yyyy | Trustee | 60 |
|---|---|---|---|---|---|---|
| | $ | - | 0.00% | mm/yyyy | Trustee | 60 |
| | $ | - | 0.00% | mm/yyyy | Trustee | 60 |

**2.12.2 CLASS 2B - Secured Real Estate Mortgage - Pre-Petition Claim.  [Trustee Pays]**

| Creditor's Name / Collateral Description | Interest Rate If Applicable | Pre-petition Arrearage | Grand Total |
|---|---|---|---|
| America's Servicing Company/Debtors' Residence | 0.00% | $        8,729.59 | $        8,729.59 |
| | 0.00% | $             - | $             - |
| | 0.00% | $             - | $             - |
| | 0.00% | $             - | $             - |
| | 0.00% | $             - | $             - |

**2.12.3 CLASS 2C -  Pre-petition claim on real property taxes, homeowners association, and public utilities.  [Trustee Pays]**

| Creditor's Name / Collateral Description | Interest Rate If Applicable | Pre-petition Arrearage | Grand Total |
|---|---|---|---|
| | 0.00% | $             - | $             - |
| | 0.00% | $             - | $             - |
| | 0.00% | $             - | $             - |
| | 0.00% | $             - | $             - |
| | 0.00% | $             - | $             - |

**2.13 CLASS 3 - Secured claims that are modified by this plan or that have matured or will mature before the plan is completed**  - Each CLASS 3 claim will be paid in full by the Trustee. The creditor shall retain its existing lien and receive payments in equal monthly amounts as specified below. The monthly payments may increase or decrease after a specified number of months as stated below. This section shall be used to specify **Adequate Protection Payments.** A CLASS 3 claim shall be the amount due under any contract between Debtor and the claimant or under applicable non-bankruptcy law, or, if §506(a) is applicable, the value of the collateral securing the claim, whichever is less. Section 506(a) is not applicable if the claim is secured by a purchase money security interest and (a) was incurred within 910 days of the filing of the petition and is secured by a motor vehicle acquired for the personal use of Debtor, or (b) the claim was incurred within 1 year of the filing of the petition and is secured by any other thing of value. . **[Trustee Pays]**

**2.13.1 CLASS 3A - Secured Claims Paid Based on a Proposed §506(a) Collateral Valuation or by Agreement.  [Trustee Pays]**

| Creditors Name /Collateral Description | Claim Amount | Fair Market Value | Interest Rate | Number of Monthly Payments | Total Interest to be paid | Monthly Payments | Start Date | Grand Total Paid by Plan |
|---|---|---|---|---|---|---|---|---|
| | $ - | $ - | 0.00% | 60 | $ - | $ - | mm/yyyy | $ - |
| | | | | 0 | $ - | $ - | mm/yyyy | |
| | $ - | $ - | 0.00% | 60 | $ - | $ - | mm/yyyy | $ - |
| | | | | 0 | $ - | $ - | mm/yyyy | |
| | $ - | $ - | 0.00% | 60 | $ - | $ - | mm/yyyy | $ - |
| | | | | 0 | $ - | $ - | mm/yyyy | |
| | $ - | $ - | 0.00% | 60 | $ - | $ - | mm/yyyy | $ - |
| | | | | 0 | $ - | $ - | mm/yyyy | |
| | $ - | $ - | 0.00% | 60 | $ - | $ - | mm/yyyy | $ - |
| | | | | 0 | $ - | $ - | mm/yyyy | |

**2.13.2 CLASS 3B - Secured Claims Modified and Paid in Full (§506 does not apply)**
**§1325(a) – Modification of 910 Day Motor Vehicle Claim / 1 Year Personal Property Claim / Secured Tax Liens / Other  [Trustee Pays]**

| Creditors Name /Collateral Description | Claim Amount | Interest Rate | Number of Monthly Payments | Total Interest to be paid | Monthly Payments | Start Date | Grand Total Paid by Plan |
|---|---|---|---|---|---|---|---|
| | $ - | 0.00% | 60 | $ - | $ - | mm/yyyy | $ - |
| | | | 0 | $ - | $ - | mm/yyyy | |
| | $ - | 0.00% | 60 | $ - | $ - | mm/yyyy | $ - |
| | | | 0 | $ - | $ - | mm/yyyy | |
| | $ - | 0.00% | 60 | $ - | $ - | mm/yyyy | $ - |
| | | | 0 | $ - | $ - | mm/yyyy | |
| | $ - | 0.00% | 60 | $ - | $ - | mm/yyyy | $ - |
| | | | 0 | $ - | $ - | mm/yyyy | |
| | $ - | 0.00% | 60 | $ - | $ - | mm/yyyy | $ - |

[Eff. 10/17/05  Rev. 4/1/07]

Case 08-23547-lbr   Doc 72   Entered 04/23/10 17:13:13   Page 13 of 31
Case 08-23547-lbr   Doc 62   Entered 12/18/09 22:57:42   Page 6 of 11
Case 08-23547-lbr   Doc 58   Entered 10/05/09 11:22:45   Page 5 of 8

| | | | | 0 | $ | $ | mm/yyyy | |
|---|---|---|---|---|---|---|---|---|

**2.13.3 CLASS 3C - Debtor(s) offer to modify a 910- Day PMSI motor vehicle or personal property purchase within 1 year period or any other thing of value** - Unless Creditor affirmatively accepts the offer by the time of the Confirmation Hearing, Debtor shall surrender the collateral within 10 days after the confirmation hearing in full satisfaction of the debt. **[Trustee Pays]**

| Creditors Name / Collateral Description | Claim Amount | Debtor's Offer To Pay on Claim | Debtor's Offer Interest Rate | Number of Monthly Payments | Total Interest to be paid | Proposed Monthly Payment | Start Date | Grand Total Paid by Plan |
|---|---|---|---|---|---|---|---|---|
| | $      - | $      - | 0.00% | 60 | $      - | $      - | mm/yyyy | $      - |
| | | | | 0 | $      - | $      - | mm/yyyy | |
| | $      - | $      - | 0.00% | 60 | $      - | $      - | mm/yyyy | $      - |
| | | | | 0 | $      - | $      - | mm/yyyy | |
| | $      - | $      - | 0.00% | 60 | $      - | $      - | mm/yyyy | $      - |
| | | | | 0 | $      - | $      - | mm/yyyy | |
| | $      - | $      - | 0.00% | 60 | $      - | $      - | mm/yyyy | $      - |
| | | | | 0 | $      - | $      - | mm/yyyy | |
| | $      - | $      - | 0.00% | 60 | $      - | $      - | mm/yyyy | $      - |
| | | | | 0 | $      - | $      - | mm/yyyy | |

**2.14 CLASS 4 - Secured claims for personal property that were delinquent when the petition was filed including 910-Day PMSI motor vehicle or any other thing of value if debt was incurred within 1 year of filing.** CLASS 4 claims are not modified by this plan and may mature before or after the last payment under the plan. Debtor or a third party shall pay the monthly contract installments on CLASS 4 claims as they come due whether or not the plan is confirmed and such payment shall constitute adequate protection as required by §1326(a)(1)(C). Trustee shall pay each CLASS 4 pre-petition claim for arrears. Creditor shall retain its existing lien. **[Trustee Pays Delinquency/Debtor Pays Post-Petition]**

| Creditors Name/ Collateral Description | Claim Amount | Monthly Contract Payment | Months Remaining in Contract | Pre-petition arrears | Interest Rate | Total Interest | Grand Total |
|---|---|---|---|---|---|---|---|
| | $      - | $      - | 0 | $      - | 0% | $      - | $      - |
| | $      - | $      - | 0 | $      - | 0% | $      - | $      - |
| | $      - | $      - | 0 | $      - | 0% | $      - | $      - |
| | $      - | $      - | 0 | $      - | 0% | $      - | $      - |
| | $      - | $      - | 0 | $      - | 0% | $      - | $      - |

**2.15 CLASS 5 - Secured claims satisfied by the surrender of collateral** - As to personal property secured claims, Debtor shall surrender the collateral to the creditor not later than 10 days after confirmation of this plan. As to real property secured claims, the entry of the confirmation order shall constitute an order modifying the automatic stay to allow the holder of a CLASS 5 secured claim to exercise its remedies under applicable non-bankruptcy law.

| Creditor's Name/ Collateral Description | Surrender in Full Satisfaction of Debt | If No, Estimated Deficiency |
|---|---|---|
| | Yes ▼ | $      - |
| | Yes ▼ | $      - |
| | Yes ▼ | $      - |
| | Yes ▼ | $      - |
| | Yes ▼ | $      - |

**2.16 CLASS 6 - Secured claims paid directly by Debtor or third party (other than ongoing real estate mortgage payments)** - CLASS 6 claims mature before or after the completion of this plan, are not modified by this plan, and are not modified by this plan which may include 910-Day motor vehicle claims and claims incurred within 1 year of filing the petition and secured by any other thing of value. These claims may be paid by Debtor or a third person whether or not the plan is confirmed. **[Debtor Pays]**

| Creditor's Name / Collateral Description | Monthly Contract Installment | Maturity Date |
|---|---|---|
| | $      - | mm/yyyy |
| | $      - | mm/yyyy |
| | $      - | mm/yyyy |
| | $      - | mm/yyyy |

[Eff. 10/17/05  Rev. 4/1/07]

Case 08-23547-lbr   Doc 72   Entered 04/23/10 17:13:17   Page 14 of 31
Case 08-23547-lbr   Doc 62   Entered 12/18/09 22:57:42   Page 7 of 11
Case 08-23547-lbr   Doc 58   Entered 10/05/09 11:22:45   Page 6 of 8

| | $ | . | mm/yyyy |
|---|---|---|---|

### D. Unsecured Claims

**2.17 CLASS 7 -** Priority unsecured claims pursuant to §507.

**2.17.1 CLASS 7A -** Priority unsecured claims being paid in full pursuant to §507. [Trustee Pays]

| Creditor's Name | Describe Priority | Claim Amount | Interest Rate If Applicable | Total Interest To Be Paid | Grand Total |
|---|---|---|---|---|---|
| | | | 0.00% | $ - | $ - |
| | | | 0.00% | $ - | $ - |
| | | | 0.00% | $ - | $ - |
| | | | 0.00% | $ - | $ - |
| | | $ - | 0.00% | $ - | $ - |

**2.17.2 CLASS 7B -** Priority unsecured claims pursuant to §507 and §1322(a)(2) and the holder of the claim agrees to a different treatment of the claim. [Trustee Pays]

| Creditor's Name | Describe Priority | Original Claim Amount | Agreed Claim Amount | Interest Rate If Applicable | Total Interest To Be Paid | Grand Total |
|---|---|---|---|---|---|---|
| | | $ - | $ - | 0.00% | $ - | $ - |
| | | $ - | $ - | 0.00% | $ - | $ - |
| | | $ - | $ - | 0.00% | $ - | $ - |
| | | $ - | $ - | 0.00% | $ - | $ - |
| | | $ - | $ - | 0.00% | $ - | $ - |

**2.17.3 CLASS 7C -** Priority unsecured claims pursuant to §507(a)(1)(B) and §1322(a)(4). This class includes allowed unsecured Domestic Support Obligations appropriately assigned to a government unit whereby less than the full amount will be paid and the plan provides for all of Debtor's Projected Disposable Income for a 5 year period. [Trustee Pays]

| Creditor's Name | Claim Amount | Amount Paid Through Plan |
|---|---|---|
| | $ - | $ - |
| | $ - | $ - |
| | $ - | $ - |
| | $ - | $ - |
| | $ - | $ - |

**2.18 CLASS 8 -** §1305 Post-Petition Claims - This class includes but is not limited to taxes that become payable to a governmental unit while the case is pending and/or consumer debt including delinquent Post-Petition Mortgage Payments. [Trustee Pays]

| Creditor's Name / Collateral Description (if applicable) | Claim Amount | Interest Rate | Interest To Be Paid | Penalties | Grand Total |
|---|---|---|---|---|---|
| America's Servicing Company/Debtors' Residence | $ 2,784.60 | 0.00% | $ - | $ - | $ 2,784.60 |
| | $ - | 0.00% | $ - | $ - | $ - |
| | $ - | 0.00% | $ - | $ - | $ - |
| | $ - | 0.00% | $ - | $ - | $ - |
| | $ - | 0.00% | $ - | $ - | $ - |

**2.19 CLASS 9 -** Special class unsecured claims - This class includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even if all other unsecured claims may not be paid in full. This class may include §1328(a) Non-dischargeable Claims with payment of interest pursuant to §1322(b)(10) provided disposable income is available after making provision for full payment of all allowed claims. [Trustee Pays]

| Creditor's Name / Description of Debt | Claim Amount | Interest Rate | Number of Months | Monthly Payment | Start Date | Total Interest to be Paid | Grand Total |
|---|---|---|---|---|---|---|---|
| | $ - | 0.00% | 0 | $ - | mm/yyyy | $ - | $ - |
| | $ - | 0.00% | 0 | $ - | mm/yyyy | $ - | $ - |
| | $ - | 0.00% | 0 | $ - | mm/yyyy | $ - | $ - |
| | $ - | 0.00% | 0 | $ - | mm/yyyy | $ - | $ - |
| | $ - | 0.00% | 0 | $ - | mm/yyyy | $ - | $ - |

**2.20 CLASS 10 -** General non-priority unsecured claims - After payment to CLASS 9 Creditors, the Trustee will pay to the creditors with allowed general non-priority unsecured claims a pro rata share of approximately   ~~$0.00~~   ~~less debtor attorney fees~~   ~~(Est. to be $3,456.00~~ )   $3028  ꞁꞁ ꞁ
In the event that Liquidation Value as stated in 1.04 is greater than Disposable Income as stated in 1.03, the approximate dollar amount to be paid to non-priority unsecured claims shall be greater than stated herein. [Trustee Pays]

### Section III. Executory Contracts and Unexpired Leases

**3.01** Debtor assumes or rejects the executory contracts and unexpired leases listed below. Debtor shall pay directly all required contractual post-petition payments on any executory contracts or unexpired lease that has been accepted. Any executory contract or unexpired lease not listed in the table below is rejected. Entry of the Confirmation Order modifies the automatic stay to allow the non-debtor party to a rejected unexpired lease to obtain possession of leased property pursuant to §365(p)(3).

[Eff. 10/17/05 Rev. 4/1/07]

Case 08-23547-lbr    Doc 72    Entered 04/23/10 17:13:17    Page 15 of 31
Case 08-23547-lbr    Doc 62    Entered 12/18/09 22:57:42    Page 8 of 11
Case 08-23547-lbr    Doc 58    Entered 10/05/09 11:22:45    Page 7 of 8

| Lessor - Collateral Description | Accept / Reject | Monthly Contract Payment | Pre-petition Arrears | Pre-petition Arrears Paid By | Interest Rate | Start Date | Total Interest Paid By Plan | Grand Total |
|---|---|---|---|---|---|---|---|---|
| | Accept | $          - | $          - | Trustee | 0.00% | mm/yyyy | $          - | $  - |
| | Accept | $          - | $          - | Trustee | 0.00% | mm/yyyy | $          - | $  - |
| | Accept | $          - | $          - | Trustee | 0.00% | mm/yyyy | $          - | $  - |
| | Accept | $          - | $          - | Trustee | 0.00% | mm/yyyy | $          - | $  - |
| | Accept | $          - | $          - | Trustee | 0.00% | mm/yyyy | $          - | $  - |

### Section IV. Payment of Claims and Order of Payment

**4.01** After confirmation of this plan, funds available for distribution will be paid monthly by Trustee to holders of allowed claims and approved expenses.

**4.02** **Distribution of plan payment.** *(select one)*

● a. **Regular Distribution of Plan Payments** - Trustee shall pay as funds are available in the following order unless stated otherwise: Trustee's fees, monthly contract installments to CLASS 2A; adequate protection payments until confirmation ; administrative expenses; CLASS 3, CLASS 2C, and CLASS 4 secured claims as provided for in the plan; CLASS 7 priority claims until paid in full; CLASS 8 §1305 post-petition claims; CLASS 2B arrearage claims; CLASS 9 special class unsecured claims; CLASS 10 general non-priority unsecured claims.

OR

○ b. **Alternative Distribution of plan payments** - If the Regular Distribution of Plan Payments is not selected then this alternative distribution of plan payments shall be specifically set forth below in Section VI Additional Provisions and shall designate the order of payment as funds are available.

**4.03** **Priority of payment among administrative expenses** - The portion of the monthly plan payment allocated in Section 4.02 for administrative expenses described in Sections 2.08, 2.09, and 2.10 shall be distributed first on account of the monthly dividend due to a former Chapter 7 trustee pursuant to Section 2.08, then to holders of administrative expenses described in Sections 2.09 and 2.10 on a pro rata basis

### Section V. Miscellaneous Provisions

**5.01** **Adequate protection payments** - Prior to confirmation, Trustee shall pay on account of each allowed CLASS 3 claim secured by a purchase money security interest in personal property an adequate protection payment as required by §1326(a)(1)(C) commencing the month after the petition is filed provided that a Proof of Claim has been filed and payment has been provided for in this plan. Adequate protection payments shall be disbursed by Trustee in connection with the customary disbursement cycle beginning the month after the petition is filed. The Creditor shall apply adequate protection payments to principal and interest consistent with this plan.

**5.02.** **Post-petition interest** - Post-petition interest shall accrue on all Class 2, Class 3, and Class 4 claims at the rates stated herein except to the extent the Class 2B claim is for mortgage arrears on a loan incurred after October 22, 1994, unless the real estate contract provides otherwise, in which case interest will always be **0%**. If the plan specifies a '0%' rate, no interest will be accrued. However, if the provision for interest is left blank, interest at the rate of 10% per annum will accrue. For Class 2A claims secured only by real property that is Debtor's principal residence, and for Class 3.B. claims that are not subject to §506(a) collateral valuation and secured by property with a value greater than is owed under any contract or applicable non-bankruptcy law, interest shall accrue from the petition date. All Class 3B and Class 3C and Class 4 secured claims shall accrue interest from the date the plan is confirmed unless otherwise ordered by the court.

**5.03** **Vesting of property** - Any property of the estate scheduled under §521 shall revest in the Debtor upon confirmation. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code or is dismissed, the property of the estate shall be determined in accordance with applicable law.

**5.04** **Debtor's duties** - In addition to the duties imposed upon Debtor by the Bankruptcy Code and Rules, the Local Bankruptcy Rules, and the General Order, this plan imposes the following additional requirements on Debtor:  **(a)** Transfers of property and new debt. Debtor is prohibited from transferring, encumbering, selling, or otherwise disposing of any personal property with a value of $1,000 or more or real property with a value of $5,000 or more without first obtaining court authorization. Except as provided in §364 and §1304, Debtor shall not incur aggregate new debt exceeding $1,000 without first obtaining court authorization. A new consumer debt of less than $1,000 shall not be paid through this plan absent compliance with §1305(c).  **(b)** Insurance. Debtor shall maintain insurance as required by any law or contract and Debtor shall provide evidence of that insurance as required by §1326(a)(4).  **(c)** **Compliance with applicable non-bankruptcy law.** Debtor's financial and business affairs shall be conducted in accordance with applicable non-bankruptcy law including the timely filing of tax returns and payment of taxes.  **(d)** Periodic reports. The Debtor shall provide Trustee with a copy of any personal federal tax return filed while the case is pending accompanied by W-2 forms and 1099 forms. Upon Trustee's request, Debtor shall provide Trustee with other tax returns filed while the case is pending and quarterly financial information regarding Debtor's business or financial affairs.  **(e)** **Documents required by Trustee.** In addition to the documents required by the Bankruptcy Code and Local Rules, the Debtor shall provide to Trustee not later than the first date set for the §341 meeting (1) written notice of the name and address of each person to whom the Debtor owes a domestic support obligation together with the name and address of the relevant State child support enforcement agency [see 42 U.S.C. §464 & §466], (2) a wage order if requested by Trustee, (3) a CLASS 2A Worksheet and Authorization to Release Information for each CLASS 2A claim, (4) IRS Form 8821 and IRS Form 4506.  **(f)** **Documents required by Trustee prior to Discharge of Debtor.**  Within 30 days of the completion of plan, the Debtor shall certify to the Court with a copy to the Trustee the following: (1) of the name and address of each person to whom the Debtor owes domestic support obligation at that

[Eff. 10/17/05  Rev. 4/1/07]

Case 08-23547-lbr   Doc 72   Entered 04/23/10 17:13:17   Page 16 of 31
Case 08-23547-lbr   Doc 62   Entered 12/18/09 22:57:42   Page 9 of 11
Case 08-23547-lbr   Doc 58   Entered 10/05/09 11:22:45   Page 8 of 8

time together with the name and the relevant State child support enforcement agency [see 42 U.S.C. §464 & §466]; (2) current address of the Debtor; (3) name and address of Debtor's current employer; (4) name of each creditor whose claim was not discharged under 11 USC §523(a)(2); and/or (5) name of each creditor that was reaffirmed by the Debtor under §524(c); (6) certificate of completion of an instructional course in Personal Financial Management; and  (7) Notarized Declaration: Regarding Domestic Support Obligations stating Debtor(s) is Current.

**5.05 Remedies on default** -  If Debtor defaults in the performance of this plan, or if the plan will not be completed in 60 months, Trustee or any other party in interest may request appropriate relief by filing a motion and setting it for hearing pursuant to LR 9014. This relief may consist of, without limitation, dismissal of the case, conversion of the case to chapter 7, or relief from the automatic stay to pursue rights against collateral. If, on motion of a creditor, the court terminates the automatic stay to permit a creditor to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further distribution to such secured claim. *Any deficiency claim remaining after the disposition of the collateral shall be satisfied as a CLASS 10 unsecured claim provided a proof of claim or amended proof of claim is timely filed and allowed and served on Debtor and Trustee, except as may be provided in 2.15 CLASS 5. Such deficiency claim shall be paid prospectively only. Chapter 13 plan payments previously disbursed to holder of other allowed claims shall not be recovered by the trustee to provide a pro rata distribution to the holder of any such deficiency claim.*

**5.06 Creditors shall release lien on titles when paid pursuant to §1325(a)(5)(B)** - A holders of a claim shall retain its lien until the earlier of (a) the payment of the underlying debt determined under non-bankruptcy law or (b) discharge under Section §1328; and if the case under this chapter is dismissed or converted without completion of the Plan, such liens shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law. After either one of the foregoing events has occurred, creditor shall release its lien and provide evidence and/or documentation of such release within 30 days to debtor(s).

**5.07 Plan Payment Extension Without Modification** - If the Plan term does not exceed 60 months and CLASS 2B, CLASS 2C, CLASS 4, CLASS 7, CLASS 8, and CLASS 9 claims are filed in amounts greater than the amounts specifically stated herein, the Debtor _____**authorizes**_____ the Trustee to continue to make payments to creditors beyond the term of the Plan, such term not to exceed 60 months.     The Debtor shall continue to make plan payments until the claims, as filed, are paid in full or until the plan is otherwise modified.

**Section VI. Additional Provisions**

**6.01 Other than to insert text into the designated spaces, to expand the tables to include additional claims, or to change the title to indicate the plan is an amended or modified plan, the preprinted language of this form has not been altered** - This does not mean that Debtor is prohibited from proposing additional or different plan provisions. As long as consistent with the Bankruptcy Code, Debtor may propose additional or different plan provisions or specify that any of the above provisions will not be applicable. Each such provision or deletion shall be set forth herein below or attached hereto as an exhibit and shall be identified by a section number (6.02, 6.03, etc.).

**6.02 Plan Payments To Be Less Than Disposable Income Calculation Based on Means Test (Form 22A)** - Debtors will not be paying plan payments based on income calculation derived from the Means Test due to a loss of employment and subsequent re-employment. Additionally, Debtors have collectively made substansially less income while employed prior to lose of employment, as compared to income made prior to filing bankruptcy.

Submitted the  2nd  day of  October_____ , 20 09

/s/ Mickey D. Phillips, II                                            /s/ Gail A. Phillips
Debtor                                                                     Joint Debtor

Pursuant to LR 3015(a), the Chapter 13 Trustees have issued a form Chapter 13 Plan with the latest version posted on their respective websites. The signature below certifies that the pre-printed text of the form Plan has not been altered in any way except for changes specifically stated and set forth in Section VI. Additional Provisions.

Dated:    10/2/2009

/s/ H. Stan Johnson
Attorney for Debtor(s) or Pro Se

[Eff. 10/17/05  Rev. 4/1/07]

# # #

# CERTIFICATE OF NOTICE

District/off: 0978-2          User: leavittrl          Page 1 of 1          Date Rcvd: Dec 16, 2009
Case: 08-23547               Form ID: pdf929          Total Noticed: 25

The following entities were noticed by first class mail on Dec 18, 2009.
```
db/jdb     +MICKEY D PHILLIPS, II,   GAIL A PHILLIPS,   4443 EL COMO WAY,   LAS VEGAS, NV 89121-6645
3887665    +AMERICA'S SERVICING COMPANY,   ONE HOME CAMPUS,   MAC# X2302-045,   DES MOINES, IA 50328-0001
3872036    +AMERICA'S SERVICING COMPANY,   PO BOX 60768,   LOS ANGELES, CA 90060-0768
3872038    +Bay Area Credit,   1901 W. 10th Street,   Antioch, CA 94509-1380
3872040    +Desert Springs Hospital,   PO Box 31001,   Pasadena, CA 91110-0001
3872041    +Diversified Radiology Of Colorado,   5130 Executive Blvd,   Fort Wayne, IN 46808-1149
3872042     Escallate, LLC,   PO Box 710732,   Columbus, OH 43271-0732
3872043    +FirstSource,   7650 Magna Drive,   Belleville, IL 62223-3366
3907944     GE Money Bank/Green Tree,   PO Box 0049,   Palatine, IL 60055-0049
3872044     Green Tree,   800 Landmark Towers, 345 S. Peter St.,   St. Paul, MN  55102
3872045    +HFC,   PO Box 60101,   City Of Industry, CA 91716-0101
3931659    +Household Finance Realty Corporation of Nevada,   961 Weigel Dr,   Elmhurst IL 60126-1050
3872046    +Lamont, Hanley & Assoc,   1138 Elm St. PO Box 179,   Manchester, NH 03101-1531
3872047    +Las Vegas Athletic Club,   2655 S. Maryland Parkway, Ste. 201,   Las Vegas, NV 89109-8308
3872048    +Mediowest Ambulance,   PO Box 3429,   Modesto, CA 95353-3429
3872049    +NCO Financial,   PO Box 15630 Dept 99,   Wilmington, DE 19850-5630
3872051    +Ro-enthal Morgan & Thomas,   ADT Security Systems,   12747 Olive Boulevard Ste. 375,
             St. Louis, MO 63141-6276
3872053    +St. Rose Dominican Hospitals,   4535 Dressler Rd. NW,   Canton, OH 44718-2545
3872052    +St. Rose Dominican Hospitals,   PO Box 33349,   Phoenix, AZ 85067-3349
3872054     State Of CO, Div Of Finance & Procuremen,   633 17th St., Ste. 1540,   Denver, CO  80202-3608
3953512    +US BANK NATIONAL ASSOCIATION AS TRUSTEE,   FOR MASTR ALTERNATIVE LOAN TRUST 2006-HE,
             C/O AMERICA'S SERVICING CO,   3476 STATEVIEW BLVD. MAC #X7801-014,   FORT MILL, SC 29715-7203

The following entities were noticed by electronic transmission on Dec 16, 2009.
3872037    +E-mail/Text: ARSNINC@LVCOXMAIL.COM                           Automated Recovery Systems,
             PO Box 82068,   Las Vegas, NV 89180-2068
3872039     E-mail/PDF: gecsedi@recoverycorp.com Dec 17 2009 02:05:31    Care Credit,   PO Box 960061,
             Orlando, FL  32896-0061
3907943     E-mail/PDF: gecsedi@recoverycorp.com Dec 17 2009 02:05:29    GE Money Bank/Green Tree,
             PO Box 6154,   Rapid City, SD 57709-6154
3872050    +E-mail/Text: RBILLMAN@QUANTUMCOLLECTIONS.COM                 Quantum Collections,
             3224 Civic Center,   North Las Vegas, NV 89030-4506              TOTAL: 4

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr          AMERICA'S SERVICING COMPANY
cr          US BANK
3926011*    GE MONEY BANK/GREEN TREE,   P O BOX 6154,   RAPID CITY, SD  57709-6154
                                                                        TOTALS: 2, * 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Dec 18, 2009                    Signature:    _Joseph Speetjens_

# EXHIBIT 2

**CJ Barnabi**

From: gail phillips [mickandgail@embarqmail.com]
Sent: Wednesday, April 21, 2010 11:24 AM
To: c.j paralegal
Subject: January mortgage payment for Mickey Phillips



<u>Sign Off</u> | <u>Home</u> | <u>Locations</u> | <u>Contact Us</u> | <u>Online Security Guarantee</u>

| Wells Fargo Online® |

<u>Accounts</u> <u>Bill Pay</u> <u>Transfers</u> <u>Brokerage</u> <u>Account Services</u> <u>Messages & Alerts</u> <u>Products</u>
<u>& Offers</u>
<u>Bill Pay Overview</u> <u>Payments</u> <u>Payees</u> <u>eBills</u> <u>Reports</u> <u>Notices</u> <u>User Profile</u>

**Payments
Help**

This screen
shows up to
one year of
payments
made to this
payee and
pending
payments
for this
payee. If
you have
questions
about one
of your
processed
payments,
click the
View/Inquire
link in the
action
column.

<u>< Back to Previous Page</u>

⬚<u>Help</u>

# Payment History    View: | Last 6 Months ▾ | Go |

<u>Create Report</u>

# American Servici (Account Number: xxxxxx0287)

Click on link column headers to sort

| <u>Payment</u> | <u>Amount</u> | Memo | Reference # | Payment Account | Status | Action |
|---|---|---|---|---|---|---|
| 01/13/2010 | $1,874.67 | N/a | VBLB9JO4 | XXXXXX5231 Unavailable | Paid | <u>View/Inquire</u> |

**Total Paid $1,874.67**

Note: Payments can be scheduled for Monday - Friday, excluding        <u>Learn more</u>

holidays. To make or change payments scheduled for today, you must
submit your request before 7:00 p.m. Pacific Time.

about:
Reports
(Create a
Report)
NSF
Stop/Return

In-Process
View/Inquire

Bill Pay Overview | Payments | Payees | eBills | Reports | Notices | User Profile
Accounts | Bill Pay | Transfers | Brokerage | Account Services | Messages & Alerts |
Products & Offers

Home | Locations | Contact Us | Privacy, Security & Legal | Sign Off
⌂ Equal Housing Lender
© 2001- 2010  Wells Fargo. All rights reserved.

FREE Animations for your email - by IncrediMail!    | Click Here! |



# EXHIBIT 3

# CJD LAW GROUP, LLC

H. Stan Johnson

6293 Dean Martin Drive, Ste. G
Las Vegas, Nevada 89118

Telephone
702-823-3500

———

Fax
702-823-3400

———

February 22, 2010

*Via facsimile 258-8787*
Matthew Schriever, Esq.
WILDE & ASSOCIATES
208 South Jones Blvd.
Las Vegas, NV 89107

Re:     Mickey & Gail Phillips - Chapter 13
Property:     4443 El Como Way, Las Vegas, NV 89121
Bankruptcy Case No.:     08-23547
Our File No.:     1328-08

Dear Mr. Schriever:

Our clients have indicated that their house payments have escalated to approximately $2,000.00 from the ordinary payment of $1,390.88. Upon further inquire with ASC, ASC stated that they had unilaterally placed them in a forbearance plan and increased their payments to compensate for the post-petition late payments which were included in the Confirmed Chapter 13 Plan. As the Plan indicates, Debtors will remain current while all the arrearages, both pre-petition and post-petition, will be paid through the Plan. The unilateral action of ASC is a violation of Order confirming the Chapter 13 Plan. It is therefore requested that ASC rectify this error immediately to prevent the unnecessary filing of another Motion to Lift Stay.

Your immediate attention to this matter is appreciated.

Very truly yours,

CJD LAW GROUP, LLC

H. STAN JOHNSON, ESQ.

HSJ/cjb
cc: Client

# CJD LAW GROUP, LLC

**Steven B. Cohen, Esq.**
**H. Stan Johnson, Esq.**
**6293 Dean Martin Drive, Ste. G**
**Las Vegas, Nevada 89118**

**Telephone (702) 823-3500**
**Facsimile (702) 823-3400**

## FACSIMILE COVER SHEET

To:        Matthew Schreiver, Esq.
           WILDE & ASSOCIATES

Fax #      **258-8787**

From:      C.J. Barnabi, Paralegal to H. Stan Johnson, Esq.

Subject:   Mickey & Gail Phillips - Chapter 13
           Property:    4443 El Como Way, Las Vegas, NV 89121
           Bankruptcy Case No.:    08-23547

Date:      February 22, 2010

Number of Pages (including cover): 2

> **NOTE: If you experience any problems in receiving this transmission, please call (702) 823-3500. If we do not hear from you, we will assume that you have received all pages, and that they are legible.**

Message:   Please find the enclosed correspondence of today's date.

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the United States Postal Service. Thank you.

MEMORY TRANSMISSION REPORT

```
                                    TIME      : 02-22-'10 16:49
                                    FAX NO.1  : 702-823-3400
                                    NAME      : CJD LAW GROUP
```

```
FILE NO.          :  270
DATE              :  02.22 16:48
TO                :  ☎2588787
DOCUMENT PAGES    :  2
START TIME        :  02.22 16:48
END TIME          :  02.22 16:49
PAGES SENT        :  2
STATUS            :  OK
```

***    SUCCESSFUL TX NOTICE    ***

## CJD LAW GROUP, LLC

Steven B. Cohen, Esq.
H. Stan Johnson, Esq.
6293 Dean Martin Drive, Ste. G          Telephone (702) 823-3500
Las Vegas, Nevada 89118                 Facsimile (702) 823-3400

### FACSIMILE COVER SHEET

**To:**    Matthew Schreiver, Esq.
           WILDE & ASSOCIATES

**Fax #**   258-8787

**From:**   C.J. Barnabi, Paralegal to H. Stan Johnson, Esq.

**Subject:** Mickey & Gail Phillips – Chapter 13
            Property:   4443 El Como Way, Las Vegas, NV 89121
            Bankruptcy Case No.:   08-23547

**Date:**   February 22, 2010

Number of Pages (including cover): 2

> **NOTE:** If you experience any problems in receiving this transmission, please call (702) 823-3500. If we do not hear from you, we will assume that you have received all pages, and that they are legible.

**Message:**    Please find the enclosed correspondence of today's date.

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the United States Postal Service. Thank you.

# EXHIBIT 4

**CJ Barnabi**

| | |
|---|---|
| **From:** | gail phillips [mickandgail@embarqmail.com] |
| **Sent:** | Wednesday, April 21, 2010 11:19 AM |
| **To:** | c.j paralegal |
| **Subject:** | Payment history for Mickey Phillips |





**Internet Bill Pay**

**Gail Phillips**

Back To Your Accounts

Payment Center
Add A Bill
Manage Your Bills
Bill History

Bill Pay Messages
> View your Bill Pay messages
  and E-Bill notices

Help
> Get Assistance with Bill Pay

**Bill History**
Bill History

To view payments and bills for a different date range, select an option in **Current View**
the **Additional Options** box to show a list for specific settings.

Current View [Past 6 months and future ▼]   ┌ Additional Options ─────────
                                            Show [Biller Name ▼]
                                            For [America's Ser... *10287 ▼]  [Refresh]

How do I sort, search, or categorize?

Payments 1 - 4 of 4<< First  < Prev  **1**  Next >  **Last >>**

Bill History

| Biller Name Category | Account | Amount | Pay Date | Stat Confi |
|---|---|---|---|---|
| America's Servicing Company Mrtg Mortgage*10287 | *67533 | $1400.00 | 04/16/2010 | Paid |
| America's Servicing Company Mrtg Mortgage*10287 | *67533 | $1400.00 | 03/23/2010 | Paid |
| America's Servicing Company Mrtg Mortgage*10287 | *67533 | $1390.88 | 12/17/2009 | Paid |
| America's Servicing Company Mrtg Mortgage*10287 | *67533 | $1390.88 | 11/16/2009 | Paid |

**Total** $5581.76 Includes Paid, Pending,



amounts only.

Payments 1 - 4 of 4<< First  < Prev  1  Next >  Last >>

∟ ⅃

Payment Center | Add a Bill | Manage Your Bills | Bill History

 Connection Secured

Terms & Conditions

Member FDIC

© 2010, U.S. Bancorp



FREE Animations for your email - by IncrediMail!    | Click Here! |

4/21/2010

CJ Barnabi

| | |
|---|---|
| **From:** | gail phillips [mickandgail@embarqmail.com] |
| **Sent:** | Wednesday, April 21, 2010 11:20 AM |
| **To:** | c j paralegal |
| **Subject:** | Mortgage payment for February |

Summary of Your
Accounts
Checking 7533
FlexPerks Cash
Rewards Visa®
Check Card 5260
FlexPerks Cash
Rewards Visa®
Check Card 0749
FlexPerks Cash
Rewards Visa®
Check Card 9220
Checking Account
Advance 7533
Account Alerts
Security Alerts

 **usbank.** Five Star Service Guaranteed

Customer Serv:

**Internet Banking**

★ Personal

**Gail A Phillips**
YOUR PROFILE    Wednesday, April 21, 2010

Your Accounts >>

Checking
Account ending in 7533

Funds Transfer
Make a Payment
Cash Advance
Download
Transaction Data
Online Statements
Alerts >>
Bill Pay (Free)
Mobile Banking

» Account & Card Info
» Enroll For Online Statements    Secure, Simple & Green

| ACCOUNT BALANCE | AVAILABLE BALANCE |
|---|---|
| $805.20 | $805.20 |

Pay Bills Now

**MESSAGE CENTER**
> View your
   messages

Recent Transactions    Click on column headings
to re-sort.

**REWARDS CENTER**
> View and redeem
   your rewards

**SECURITY CENTER**
> View or change
   your Personal ID,
   Password or other
   security options

| DATE | CHECK # | DESCRIPTION | DEPOSIT | WITHDR/ |
|---|---|---|---|---|
| 03/05/10 | | Purchase With Pin Wal-mart #3350 Las Vegas Nv | | $42.66 |
| 03/05/10 | | Purchase With Pin Cvs 02930 02930- Las Vegas Nv | | $57.34 |
| 03/05/10 | | Purchase With Pin Liborio Market #Las Vegas Nv | | $67.88 |

**CUSTOMER SERVICE CENTER**
> Order checks, maintain accounts, report issues or get help

**APPLICATION CENTER**
> Apply online for additional accounts and loans

**Special Offers**
> Valuable products for Internet Banking Customers

| Date | Description | Amount | Balance |
|---|---|---|---|
| 03/03/10 | Purchase With Pin Dollar Tree #028las Vegas Nv | $5.32 | $421.95 |
| 03/03/10 | Purchase With Pin Dscnt Cigarette Las Vegas Nv | $40.16 | $427.27 |
| 03/03/10 | Purchase With Pin Smiths 3850 E. Flas Vegas Nv | $43.64 | $467.43 |
| 03/03/10 | Purchase With Pin Sunflower Farmerlas Vegas Nv | $56.66 | $511.07 |
| 03/02/10 | Visa Purchase (Non-pin) Las*Vegas Water 702-870-4194nv | $63.80 | $567.73 |
| 03/02/10 | Purchase With Pin Occ Med 2903 Henderson Nv | $75.00 | $631.53 |
| 03/02/10 | Deposit  view | $420.00 | $706.53 |
| 03/01/10 | Visa Purchase (Non-pin) Cvs Pharmacy #29las Vegas Nv | $4.24 | $286.53 |
| 03/01/10 | Purchase With Pin Wal-mart #3350 Las Vegas Nv | $53.39 | $290.77 |
| 03/01/10 | Purchase With Pin Wal-mart #4557 Las Vegas Nv | $70.22 | $344.16 |
| 03/01/10 | Visa Purchase (Non-pin) Swccinc Lasvegas Nv | $75.00 | $414.38 |
| 03/01/10 | Visa Purchase (Non-pin) Speedpay Re: Sw 866-316-3360ny | $145.33 | $489.38 |
| 03/01/10 | Phone Authorized Pmt The Hartford | $154.01 | $634.71 |
| 02/25/10 | Visa Purchase (Non-pin) Cvs Pharmacy #29las Vegas Nv | $8.19 | $788.72 |
| 02/24/10 | Visa (Non-pin) Return Albertsons #6059las Vegas Nv | $18.00 | $796.91 |
| 02/23/10 | Purchase With Pin Smiths 3850 E. Flas Vegas Nv | $25.01 | $778.91 |
| 02/23/10 | Purchase With Pin Nnt Dscnt Cigarelas Vegas Nv | $40.16 | $803.92 |
| 02/23/10 | Purchase With Pin Wal-mart #4557 Las Vegas Nv | $90.98 | $844.08 |
| 02/22/10 | Visa Purchase (Non-pin) Cvs | $8.19 | $935.06 |

| | | | |
|---|---|---|---|
| 02/22/10 | Pharmacy #29las Vegas Nv Purchase With Pin #06059 Albertsonlas Vegas Nv | $129.51 | $943.25 |
| 02/19/10 | Purchase With Pin Smiths 3850 E. Flas Vegas Nv | $35.30 | $1,072.76 |
| 02/19/10 | Atm Withdrawal Usb Green Valleyhenderson Nvus1 | $300.00 | $1,108.06 |
| 02/18/10 | Purchase With Pin Smiths 3850 E. Flas Vegas Nv | $31.65 | $1,408.06 |
| 02/18/10 | Visa Purchase (Non-pin) Swccinc Lasvegas Nv | $34.06 | $1,439.71 |
| 02/18/10 | Purchase With Pin Nnt Dscnt Cigarelas Vegas Nv | $41.44 | $1,473.77 |
| 02/18/10 | Phone Authorized Pmt Mortgage Payment | $1,400.00 | $1,515.21 |
| 02/18/10 | Electronic Deposit Malcolm Drilling | $1,021.82 | $2,915.21 |



Previous | Next

Printer-friendly Format        Return to Top

Recent Statements

 Enroll for Online Statements Only

If you need transactional history beyond what is available here, check your past statements or Contact Us.

Your Accounts | Funds Transfer | Make a Payment | Cash Advance
Download Transaction Data | Online Statements | Alerts | Bill Pay | Mobile Banking

MESSAGE CENTER | REWARDS CENTER | SECURITY CENTER | CUSTOMER SERVICE CENTER |
APPLICATION CENTER

Connection Secured                                                Member FDIC

Privacy Pledge | Security Standards                    © 2010 U.S. Bancorp
USB Column:6



FREE Animations for your email - by IncrediMail!    Click Here!

4/21/2010