BRIAN A. MORRIS, ESQ.
Nevada Bar No. 11217
CJD LAW GROUP, LLC
6293 Dean Martin Drive, Ste. G
Las Vegas, NV 89118
(702) 823-3500
Attorney for Debtors

COHEN, JOHNSON & DAY
6293 Dean Martin Drive, Ste. G
Las Vegas, NV 89118
(702) 823-3500

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| In Re: | ) | Case No. 08-23547-lbr |
| | ) | Chapter 13 |
| MICKEY D. PHILLIPS II, | ) | |
| | ) | |
| GAIL A. PHILLIPS, | ) | Hearing Date: 3/2/11 |
| | ) | Hearing Time: 11:00 a.m. |
| Debtors. | ) | |

**OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

Debtors, MICKEY D. PHILLIPS II and GAIL A. PHILLIPS, by and through their counsel of record, H. STAN JOHNSON, ESQ., hereby files this opposition to the Motion of the Movant, U.S. Bank National Association, for relief from the Automatic Bankruptcy Stay. This Opposition is made and based upon 11 U.S.C. 105, 362 and Bankruptcy Rule 7065, the following Points and Authorities and any oral argument heard at the time of the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**BRIEF STATEMENT OF FACTS**

1. Debtors filed their voluntary Chapter 13 on November 14, 2008.

2. There exists a Deed of Trust in favor of Movant, for the purchase of residential property.

3. Movant's Motion requests that the automatic stay be lifted in order to permit Movant to foreclose on the subject property.

4. The principal balance of the note at the time of this motion is approximately $208,800.00.

5. Movant has claimed that Debtors are in default of the loans terms by failing to remit payments for the months of August 2010 through February 2011, in the total principal amount of $11,248.02 including associated costs.

6. As this Court is aware the Debtor's Chapter 13 Plan ("Plan") was confirmed on December 16, 2009. (See Order Confirming Plan #2 dated December 16, 2009, attached herein as Exhibit 1) This Plan included post-petition arrearages in the amount of $2,784.60 to be paid to America's Servicing Company ("ASC") as servicer to U.S. Bank.

7. On or about July 28, 2010 Debtors received a statement from ASC stating that their payment would be modified to $1,477.26. The Debtors wish to pursue the modification, but were unable to make the deadline imposed by the lender . (See offer dated July 28, 2010 attached herein as Exhibit 2)

8. The Debtors are still actively trying to obtain a loan modification or get the original offer re-instated.

**II.**

**POINTS AND AUTHORITIES**

Procedurally, a lift-stay movant has the burden to establish prima facie facts entitling it to relief. See, In re Elmore, 94 B.R. 670 (Bankr. C.D. Cal. 1988). To establish these prima facie facts, the moving creditor must demonstrate the following:

1. The Debtor owes the obligation to the Creditor;

2. There is a valid security interest from which relief from the stay may be sought: or

3. "Cause" justifying relief from the stay.

In re Kin, 71 B.R. 1011, 1015 (Banta_ C.D.Cal. 1987).

In the foregoing matter there exists no cause to lift the automatic stay since the Debtors are currently making every effort to negotiate a loan modification with the obligation owed to Movant. The Debtors hope to obtain an additional replacement lien in the form of a permanent loan modification.

The Bankruptcy Code provides for relief from the automatic stay:

(1) For cause, including the lack of adequate protection of an interest in property of such party in interest; 11 U.S.C. §362(d)(1).

The term "adequate protection" is not expressly defined in the Bankruptcy Code. However, §361 of the Code sets forth three non-exclusive examples of what may constitute adequate protection:

1. Periodic cash payments;

2. An additional replacement lien; or

3. Such other relief as will result in the realization by the creditor of the indubitable equivalent of its interest in the property.

As stated previously, Debtors are trying to obtain the additional replacement lien to satisfy their secured obligation. Thus Movant is not entitled to have the automatic stay lifted with respect to the real property at issue.

Furthermore, Bankruptcy Code §362(g)(1) states:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
>
> (1) **the party requesting such relief has the burden of proof on the issue of the debtor's equity in property** ... (Emphasis Added)

In this matter, Movant has attempted to establish the value of the real property by using the claimed value

listed on the Debtor's Schedule A. Obviously, Debtors are not appraisers of real property and their best estimation as to what the property is valued at does not carry the burden of proof in favor of Movant. In light of Movant's failure of carrying the burden of proof, established by §362(g)(1), as to Debtor's equity or shortfall the request for relief must be denied. In sum Debtors have included the back payments in their plan and, in addition, the Debtors wish to finalize a loan modification and present the lender with a replacement lien.

**CONCLUSION**

Based upon the foregoing, Movant is not entitled to an order terminating the automatic stay. The debtor respectfully requests that the Court determine that Movant is adequately protected due to Debtors including the back payments in their plan and attempting to negotiate a replacement lien and deny Movant request to terminate the automatic stay, as this matter is moot. Debtors further request that U.S. Bank and ASC be sanctioned for their unilateral action causing this unnecessary hearing and that they be awarded attorneys fees and costs for defending this unnecessary action.

DATED this _14th_ day of February, 2011.

CJD LAW GROUP, LLC

By: */s/ Brian A . Morris*
Brian A. Morris, Esq.
Nevada Bar No. 11217
6293 Dean Martin Drive, Ste. G
Las Vegas, NV 89118
Attorney for Debtor

**CERTIFICATE OF SERVICE**

1. I served the following document(s):

a. **OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

2. I served the above-named document(s) by the following means to the persons as listed below:

☒ a. **By ECF System on February 14, 2011:**

BRIAN A. MORRIS on behalf of Debtor MICKEY PHILLIPS
sjohnson@cjdnv.com, bmorris@cjdlawgroup.com;shallquist@cjdlawgroup.com

KATHLEEN A. LEAVITT
courtsecf3@las13.com

GREGORY L. WILDE on behalf of Creditor AMERICA'S SERVICING COMPANY
bk@wildelaw.com

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on: February 14, 2011

Stacee Hallquist
(Name of Declarant)

*/s/ Stacee Hallquist*
(Signature of Declarant)